**FILED**

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

2008 Sep 15 PM 12:42

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-70084 |
| | ) | |
| Converse W. Keefer, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 07-3113 |
| | ) | |
| St. Clair Village, II, LLC, et al., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Converse W. Keefer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

     This adversary proceeding is before the court on Defendant's Motion for Summary Judgment [Doc. # 26], the response filed by Plaintiff St. Clair Village, II, LLC ("St. Clair II") [Doc. # 31], and Defendant's reply [Doc. # 32]. In their complaint, Plaintiffs St. Clair Village and Toledo Warehouse District Association seek a determination that debts allegedly owed to them by Debtor are nondischargeable under 11 U.S.C. § 523(a)(2). Defendant moves for summary judgment against St. Clair II only.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine dischargeability are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, Defendant's motion will be denied.

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are undisputed. On or about January 30, 2003, Defendant, on behalf of Keefer Construction Services LLC ("Keefer Construction") as the "contractor," and Plaintiff Toledo Warehouse District Association ("TWDA"), as "owner," entered into a contract for the redevelopment of real property known as St. Clair Village in downtown Toledo, Ohio ("the Contract"). [Complaint, ¶ 9; Answer, ¶ 5]. St. Clair II is a subsidiary of TWDA. [Steingraber Aff. ¶ 2]. Notwithstanding the designation of TWDA as "owner" in the Contract, St. Clair II owns the real property that was the subject of the redevelopment, a fact that was known by Defendant. [Steingraber Aff. ¶ 2-3, 15]. St. Clair II borrowed the funds used in financing the redevelopment project and granted a mortgage on the real property to its lender. [*Id.* ¶3, 10]. However, St. Clair II is not a party to the Contract. [Keefer Aff., ¶3]. On the record before the court, there is a dispute as to whether Defendant knew that Kathleen Steingraber, who signed the Contract on behalf of TWDA, was a representative of both TWDA and St. Clair II. [*See id.* at ¶ 4; Steingraber Aff., ¶ 15].

Pursuant to the terms of the Contract, Keefer Construction was to perform certain construction services and pay for the goods and services provided to Keefer Construction by its subcontractors and materialmen. [Steingraber Aff., ¶ 5]. In accordance with the terms of the Contract, Defendant, on behalf of Keefer Construction, periodically provided St. Clair II and TWDA an "Application and Certificate for Payment" ("Applications") in order to be paid progress payments under the Contract.[1] [*Id.* ¶ 6; Complaint, ¶ 12; Answer, ¶ 8]. The Applications themselves, however, referred only to TWDA as owner and made no reference to St. Clair II. [*See* Complaint, Ex. A]. Defendant stated in each of the Applications that Keefer Construction had paid all of its subcontractors and materialmen for work provided prior to the Application.

---

[1] Defendant states in his affidavit that he "submitted all applications for payment on the project to Toledo Warehouse District Association." [Keefer Aff. ¶ 5]. This, however, does not create a factual dispute regarding his submission of the Applications to St. Clair II, especially in light of his admission in his answer. [*See* Complaint, ¶ 12; Answer, ¶ 8].

2

[Steingraber Aff., ¶ 7]. With respect to several of the Applications, however, all of the subcontractors and materialmen had not been paid and, as a result, liens in the principal amount of $338,674 have been placed upon the St. Clair Village real estate. [*Id.* ¶ 8, 11]. TWDA and St. Clair II caused payments to be issued to Keefer Construction in reliance upon the Applications. [*Id.* ¶ 10]. According to Plaintiffs, they would not have released funds if they had known that the subcontractors and materialmen had not been paid. [*Id.* 9-10]. TWDA and St. Clair II filed a timely complaint to determine the dischargeability of debts allegedly owed to them by Defendant, alleging that Defendant submitted false and fraudulent Applications in order for Keefer Construction to receive progress payments under the Contract and that Plaintiffs relied upon those Applications in causing payments to be made to Keefer Construction.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

### II. 11 U.S.C. § 523(a)(2)(A)

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to except a debt from discharge under this section due to false pretense or false representation, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money or services through a material misrepresentation, either express

3

or implied, that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

For purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts." *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983). "'False pretense' involves implied misrepresentation or conduct intended to create and foster a false impression, as distinguished from a 'false representation' which is an express misrepresentation." *Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002)(quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986)).

In addition, § 523(a)(2)(A) also addresses "actual fraud" as a concept broader than misrepresentation. *See McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873 (B.A.P. 6th Cir. 2001). "Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *Vitanovich*, 259 B.R. at 877 (quoting *Gerad v. Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)). A debtor's intent to defraud a creditor under § 523(a)(2)(A) is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.*; *Rembert*, 141 F.3d at 281-82. "If there is room for an inference of honest intent, the question of nondischargeability must be resolved in favor of the debtor." *ITT Fin'l Servs. v. Szczepanski (In re Szczepanski),* 139 B.R. 842, 844 (Bankr. N.D. Ohio 1991).

A finding of fraudulent intent may be made on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999). However, where a debtor's subjective intent is at issue, summary judgment is generally inappropriate unless all reasonable inferences defeat the claims of the opposing party. *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 327 (Bankr. N.D. Ohio 2006) (citing *Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir.2002) ("When the defendants' intent is at issue, summary judgment is particularly inappropriate") and *Gertsch v. Johnson & Johnson Finance Corp. (In re Gertsch)*, 237 B.R. 160, 165 (B.A.P. 9th Cir. 1999) ("Where intent is at issue, summary judgment is seldom granted, however, summary judgment is appropriate if all reasonable inferences defeat the claims of one side")).

In this case, Defendant argues only that St. Clair II cannot prevail on its nondischargeability claim based on fraud or false representation in the Applications "since no representations were ever made to [St. Clair II] by the Debtor because [St. Clair II] was not a party to the Contract." [Doc. # 26, p.3]. According to Defendant, all Applications were submitted to TWDA and St. Clair II was never "consulted in the submission of these applications." [*Id.*].

It is not clear to the court what Defendant means when he argues that St. Clair II was never "consulted" in the submission of the Applications. To the extent that he is arguing that the Applications were submitted to TWDA only, and not to St. Clair II, and, therefore, that no representations were made to St. Clair II, his argument contradicts his admission regarding that fact in his answer. [*See* Complaint, ¶ 12; Answer, ¶ 8].

As St. Clair II correctly argues, a party can be defrauded notwithstanding a lack of any contractual relationship. Defendant admits that the Applications were submitted in order for Keefer Construction to receive progress payments. Even if the representations in the Applications were not made directly to St. Clair II, and even if Defendant had no contractual duty owed to St. Clair II, to the extent that Defendant knew that St. Clair II, as owner of the property, was the ultimate payor for the redevelopment project, and that it would not release funds to pay Keefer Construction unless materialmen and subcontractors had been paid as represented in the Applications, a reasonable factfinder could conclude that the false representations were made by Defendant with an intent to induce St. Clair II to part with funds used in making the progress payments.

As Defendant relies only on his argument that he made no representation to St. Clair II, for the reasons discussed above, the court finds that Defendant has failed to demonstrate the absence of a genuine issue of material fact for trial.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 26] be, and hereby is, **DENIED.**

5